UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00200-TBR

UNITED STATES OF AMERICA,                                    Plaintiff,

v.

BRENT ALLEN, *et al.*,                                       Defendants.

## MEMORANDUM OPINION

The United States brought this action to reduce to judgment certain tax assessments made against Brent M. Allen, including a claim to foreclose on real property to which federal tax liens had attached pursuant to 26 U.S.C. § 7403(a). [*See* R. 1 at 2–11, ¶¶ 5–14 (Complaint).] Since the Commonwealth of Kentucky might possess a lien upon or interest in the subject property, the United States named the Commonwealth as a party to this litigation. *See* 28 U.S.C. § 7403(b). The Commonwealth, by and through the Attorney General of the Commonwealth of Kentucky, was served with copies of the complaint and summons on November 19, 2015. [*See* R. 7 at 1–2 (Proof of Service); R. 14-1 at 1, ¶ 3 (Hoffman-Logson's Declaration).] However, the Commonwealth neither appeared, nor filed an answer or any other pleading to defend against this action. Accordingly, the Court entered default against the Commonwealth on March 15, 2016. [R. 20 at 1 (Entry of Default).] Now, the United States has filed a motion for the entry of default judgment against the Commonwealth under Federal Rule of Civil Procedure 55(b)(2). [R. 21 at 1 (Motion for Entry of Default Judgment).]

The Court finds the entry of default judgment against the Commonwealth to be appropriate. *See* Fed. R. Civ. P. 55(b)(2). Pursuant to 26 U.S.C. § 7403(c), after the parties "have been duly notified of the action," this Court must "adjudicate all matters"

and "determine the merits of all claims and liens upon the property" at issue. 26 U.S.C. § 7403(c); *see also United States v. Winsper*, 680 F.3d 482, 488 (6th Cir. 2012). Despite proper notice of this action, the Commonwealth has elected not to participate: It has asserted no claim to the subject property and has interposed no defense to the United States' action. In contrast, the United States has diligently litigated this action and will be prejudiced by further delay. *See United States v. Suganuma*, 546 F. Supp. 2d 996, 1001 (D. Haw. 2008).

Accordingly, United States' Motion for Entry of Default Judgment, [R. 21], is **GRANTED**. A default judgment shall issue separate from this Memorandum Opinion, decreeing that the Commonwealth has no interest in the subject property and no claim to any proceeds from the sale thereof.

Date:

cc:    Counsel of Record

       Andy Beshear
       Office of the Attorney General
       700 Capital Avenue, Suite 118
       Frankfort, Kentucky 40601-3449

       Karen Allen
       5028 Pointclear Court
       Arlington, Texas 76017